UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

| | |
|---|---|
| DANIEL SOSA,<br><br>    Petitioner,<br><br>V.<br><br>GREGORY KIZZIAH, Warden,<br><br>    Respondent. | Civil Action No. 7: 17-12-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

In September 2013, Daniel Sosa and more than a dozen other persons were charged in a nine-count indictment in Corpus Christi, Texas with numerous drug trafficking offenses, including for conspiracy to possess with intent to distribute one kilogram or more of heroin, 500 grams or more of methamphetamine, and five kilograms or more of cocaine, all in violation of 21 U.S.C. §§ 841, 846. Sosa reached a plea agreement with the government, and in April 2014 the trial court imposed a sentence of 84 months imprisonment. The Fifth Circuit dismissed Sosa's direct appeal as frivolous in March 2015, and the trial court has denied numerous motions for post-conviction relief. *United States v. Sosa*, No. 2: 13-CR-844 -7-HH (S.D. Tex. 2013).

Sosa, now a federal inmate in Kentucky, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence. [R. 1] The Court must conduct an initial review of Sosa's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In his petition, Sosa alleges that his sentence was enhanced pursuant to U.S.S.G. § 4B1.1(a) because of his three prior convictions for possession with intent to distribute heroin.[1] [R. 1-1 at 6] His petition is devoid of any specifics regarding the particulars of his federal offense, his prior state offenses, or the basis for the calculation of his federal sentence. Instead, it consists entirely of conclusory and generic arguments that his federal sentence ran afoul of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015); *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016); *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017); *United States v. Hinkle*, 832 F.3d 569, 572-73 (5th Cir. 2016); *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016). Sosa also invokes *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016) to contend that he may assert these claims in a § 2241 petition. Because none of these decisions afford Sosa any basis for relief, his petition will be denied.

In *Johnson*, the Supreme Court concluded that the residual clause found in 18 U.S.C. § 924(e)(2)(B) was void for vagueness. That subsection provided a catch-all definition for various kinds of prior offenses which could be used to enhance a sentence as an "armed career criminal" for one convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). But Sosa was not convicted under § 922(g) nor was his sentence enhanced pursuant to § 924(e)(1), and therefore *Johnson* does not apply to him.

In addition, in *Welch* the Supreme Court held that *Johnson* announced a new rule of constitutional law, and hence is retroactively applicable to cases on collateral review. Precisely for that reason, inmates wishing to invoke *Johnson* as grounds to challenge their federal sentence

---

[1] It is far from clear that this is correct. There is no mention of Sosa being sentenced as a career offender during his sentencing hearing, and the trial court's discussion of Sosa's criminal history category in its Order denying his motion for relief under 18 U.S.C. § 3582(c) strongly suggests that he was not. See *Sosa*, No. 2: 13-CR-844 -7-HH at R. 681, 912 therein. Nonetheless, for purposes of discussion the Court assumes that the career offender enhancement was applied.

2

could have done so by requesting and obtaining permission to file a second or successive motion under § 2255. See § 2255(h)(2); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). Because Sosa and other prisoners could assert claims based upon *Johnson* under § 2255, that remedy is plainly not structurally "inadequate and ineffective" to test the legality of their detention, and resort to § 2241 is impermissible. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004); *McDowell v. Warden, FCC Medium Coleman*, 2017 WL 2352000, at *2-3 (11th Cir. May 31, 2017).

While Sosa invokes *Beckles* as a ground for relief, that decision precludes the very relief he seeks rather than assisting him. Sosa suggests that *Johnson* invalidated the similarly-worded "residual clause" found in the career offender provision used to enhance his sentence, U.S.S.G. § 4B1.2(a)(2), as unconstitutionally vague. But in *Beckles* the Supreme Court rejected the argument that the advisory sentencing guidelines are even susceptible to a vagueness challenge. Because Sosa was sentenced in 2014, long after *United States v. Booker*, 543 U.S. 220 (2005) rendered the guidelines advisory rather than mandatory, *Beckles* dooms his vagueness challenge to U.S.S.G. § 4B1.2(a)(2). *Beckles*, 137 S. Ct. 899-901.

In *Mathis*, the Supreme Court reiterated that a statute is considered "divisible," therefore permitting use of the modified categorical approach to determine whether a prior offense may be used to enhance a sentence under the career offender provision, only when it contains alternative elements (hence defining multiple offenses), not when it merely contains alternative factual means of committing a single offense. *Mathis*, 136 S. Ct. at 2249, 2251-52. But for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). The Supreme Court in *Mathis* itself

3

made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has expressly so held. *In re: Conzelmann*, 2017 WL 4159184 (6th Cir. 2017). Therefore *Mathis*, and the Fifth Circuit's decision in *Hinkle* which is based upon it, do not assist Sosa either.

Finally, in *Hill* the Sixth Circuit held that contrary to the general rule, a § 2241 petition may be used to challenge the enhancement of a sentence in rare cases where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600. With respect to Sosa's *Mathis* claim, he fails to satisfy the threshold requirement of *Hill* because he was sentenced in 2014, nearly a decade after *Booker* rendered the Sentencing Guidelines advisory rather than mandatory. Sosa's claim therefore falls outside the decidedly narrow exception set forth in *Hill*, and his sentencing claim therefore does not fall within the narrow scope of Section 2255(e)'s savings clause. *Peterman*, 249 F.3d at 462. His petition must therefore be denied.

Accordingly, **IT IS ORDERED** that:

1. Sosa's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated October 3, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY